(16 Misc. Rep. 603)

### PEOPLE ex rel. CLARK v. EARLEY et al.

(Supreme Court, Special Term, Albany County. April, 1896.)

ELECTORS AND VOTERS—REJECTION OF BALLOTS—RECOUNT.

Laws 1892, c. 680, § 104, as amended by Laws 1895, c. 810, provides that any ballot marked otherwise than as prescribed by statute shall be void, and not counted. Section 114 provides that an inspector of election or duly-authorized watcher may, during a canvass of the votes, declare his belief that any particular ballot has been marked for the purpose of identification, and that in such case the canvassers shall note the objections on the back, and attach each such ballot to their statement of the result of the canvass, and that such ballot shall be counted by them the same as if not so objected to. *Held,* that it is not the duty of the inspector to attach a ballot to the result of the canvass unless such objection is made, and therefore where he rejects a ballot on the ground that it had been unlawfully marked, and no such objection has been made, mandamus will not lie to compel a recount.

Application by Andrew H. Clark for a writ of mandamus to compel Cormack A. Earley and others, composing the board of canvassers of the town election in New Lebanon, to recount the votes cast for the office of supervisor of said town. Relator moves for a peremptory writ. Denied.

John Cadman, for the motion.

Andrews & Longley, opposed.

CHESTER, J. This is a motion for a peremptory writ of mandamus, directed to the board of canvassers at the town election held on the 17th day of March, 1896, in the town of New Lebanon, Colum-

bia county, requiring said board to recount the votes for the office of supervisor cast at such town election, and to count and allow to the relator seven ballots which have been rejected by said board, and to declare and certify the result of said election according to such count after allowing said seven ballots as aforesaid. The seven ballots are particularly described in the moving papers, but there is no allegation in the moving papers that any inspector of election or other election officer or duly-authorized watcher had, during the canvass of the votes at such town election, or immediately after the completion thereof, declared his belief that any of such ballots had been written upon or marked in any way for the purpose of identification; nor any allegation that the inspectors or canvassers had written on the back of such ballots, or any of them, the words, "Objected to because marked for identification," or words in substance to that effect, and signed their names thereto; nor is there any allegation that any of such ballots had been attached to the written statement of the result of the canvass. The affidavits read on behalf of the respondents, on the other hand, show that the board of canvassers rejected, threw out, and did not count 20 ballots in all, as marked, defaced, or defective ballots, including the 7 ballots above mentioned; that none of said ballots were marked as objected to because marked for identification and signed by the inspectors; and that none of them were attached to the certified statement of the result of the canvass filed in the town clerk's office.

The election law (Laws 1892, c. 680, § 104, as amended by Laws 1895, c. 810) provides that:

"It shall not be lawful to make any mark upon the official ballot other than the cross X mark with a pencil having black lead, as hereinafter provided, or to mark, deface or tear a ballot, in any manner, for the purpose of identifying the same; or to erase any printed device, figure or word therefrom, or to write anything thereon other than the name of a person for whom the voter desires to vote which is not printed on the ballot, and that only in the blank column under the proper title of the office; and any ballot from which there shall have been erased any device, figure or word, or upon which there shall be written any word or words other than the name of a candidate as above provided, shall be wholly void and shall not be counted."

The same section provides, in a later clause, that:

"If the elector mark more names than there are persons to be elected to an office, or if, for any reason, it is impossible to determine the voter's choice for an office to be filled, his ballot shall not be counted for such office. No ballot shall be rejected for any technical error which does not make it impossible to determine the voter's choice."

While the law condemns any ballot from which there has been erased any device, figure, or word, or upon which there shall be written any word or words other than the name of a candidate which is not printed on the ballot, and provides that such ballot shall not be counted, yet the statute has provided a method by which any marked ballot, which is not properly the subject of the condemnation of the statute above mentioned, may be attached to the return, so that any candidate may be in a position to present the question to the court as to whether such ballot should be rejected or not.

The election law, in section 114, provides that an inspector of elec-

tion, or other election officer or duly-authorized watcher, may, during a canvass of the votes or immediately after the completion thereof, declare his belief that any particular ballot has been written upon or marked in any way for the purpose of identification; and that in such case the inspectors or canvassers shall write on the back of such ballot the words, "Objected to because marked for identification," or words in substance to that effect, and sign their names thereto, and attach each such ballot to their written statement of the result of the canvass. And the section further provides that each such ballot shall be counted by them the same as if not so objected to. This has not been done in this case. The ballots in question were not objected to as marked for identification, and have not been attached to the written statement of the result and return. The relator is not therefore in a position to procure a writ of mandamus, for nothing appears here to show that the board of canvassers omitted any duty that they were required to perform under the statute. If the objection had been made by an election officer or watcher that the ballots in question had been marked for the purpose of identification, it would then have been the duty of the inspectors to mark and sign the ballots as provided by law, attach them to their statement of the canvass, and count them the same as if not so objected to; but, until such objection was made, they had no such duty to perform, and a mandamus should not issue.

The relator claims that it was not impossible to determine the voter's choice with reference to the seven ballots particularly described in the moving papers; that the several voters who cast them intended to vote for the relator; and that, if these ballots had not been rejected, the result would have been changed, and the relator entitled to the certificate of election. This may be so, but, because of the failure to comply with the provisions of the statute with relation to ballots marked for identification as above indicated, these questions will now have to be determined either by the board of supervisors, which has the power to pass upon the qualifications and elections of its members, or by an action of quo warranto to try the title to the office in question. The motion is therefore denied, with costs.

Motion denied, with costs.